**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELAINE K. CAMPBELL,** | ) | **CASE NO.  4:08CV82** |
| | ) | |
| **PLAINTIFF** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **V.** | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| **DEFENDANT.** | ) | |

This matter is an action to review a final decision of the Commissioner of Social Security denying Plaintiff's ("Campbell") application for Disability Insurance Benefits and Supplemental Security Income, pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).

On January 22, 2008, pursuant to L.R. 72.2, this matter was automatically referred to Magistrate Judge Benita Y. Pearson for preparation of a report and recommendation ("R&R").  (Dkt. # 6).  On February 5, 2008, the Magistrate Judge issued the R&R, recommending that the Court deny Campbell's appeal and affirm the decision of the Administrative Law Judge ("ALJ").  (Dkt. # 17).  Campbell timely filed objections to the Magistrate's R&R.  (Dkt. # 18).  Defendant filed a response to Campbell's objections.  (Dkt. # 19).

As the Magistrate Judge noted, this Court's review of the decision of the ALJ, which was adopted by the Commissioner of Social Security, is limited to a determination of whether that decision was supported by substantial evidence.  42 U.S.C. § 405(g); Cotton v. Sullivan,

2 F.3d 692, 695 (6th Cir. 1993). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec. of Health and Human Services, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, it is not within the purview of the Court to weigh the evidence anew and draw its own conclusions.

Campbell objects to the Magistrate Judge's determination that the ALJ's conclusion, that Campbell does not qualify for benefits, was supported by substantial evidence. Campbell disagrees with the determination of both the ALJ and the Magistrate Judge that Campbell was able to perform her past relevant work as it is generally performed in the national economy.

> The Magistrate Judge stated:
>
> Campbell's past relevant work was a finisher; a job that falls under a general heading of utility worker. The record shows that Campbell is not capable of standing for a full eight-hour shift as she has in the past. The VE testified that, as generally performed, more than fifty percent of the utility worker positions permits the worker to alternate between standing and sitting. (Tr. 244.) Thus, the ALJ deduced that Campbell is capable of performing more than fifty percent of the past relevant utility worker jobs as they are generally performed. *See* e.g. *Studaway v. Sec'y of Health & Human Services*, 815 F.2d 1074, 1076 (6th Cir. 1987) (noting Secretary's determination was adequately supported by VE's testimony that a significant number of custodial jobs requiring only light exertion existed for claimant who could not return to a former custodial job requiring medium exertion.)

(Dkt. # 17 at 9).

Campbell contends that the ALJ erred in relying upon the testimony of the vocational expert ("VE"). This contention is without merit. The VE properly interpreted and relied upon the Dictionary of Occupational Titles. Furthermore, the

inconsistencies in the VE's testimony cited by Campbell are not sufficient to overlook the clear weight of the evidence in this case.  The ALJ observed the VE's testimony at the hearing, concerning the type and availability of jobs Campbell could perform, and determined that the testimony was reliable.  Moreover, Campbell's attorney was afforded the opportunity to cross-examine the VE and draw out any perceived inconsistencies at the hearing.

The Court has reviewed the Report and Recommendation of the Magistrate Judge *de novo* and finds that it is well-supported.  Campbell's objections are without merit.  The record demonstrates that the ALJ's determination, that Campbell was able to perform her past relevant work as it is generally performed in the national economy, was supported by substantial evidence.

Therefore, the Report and Recommendation of Magistrate Judge Pearson is hereby **ADOPTED**.  (Dkt. # 17).  The decision of the Commissioner is **AFFIRMED**.  Accordingly, this matter is **DISMISSED**.

**IT IS SO ORDERED**.

>  **/s/ Peter C. Economus - March 11, 2009**
>  **PETER C. ECONOMUS**
>  **UNITED STATES DISTRICT JUDGE**